KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7084
Email: alessandra.p.serano@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN EDWARD GRASBERGER,<br><br>Defendant. | Criminal Case No. 08CR0375-BEN<br><br>Date: July 17, 2008<br>Time: 9:30 a.m.<br><br>GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM<br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant United States Attorney, hereby files its supplemental sentencing memorandum.

//

//

//

//

## I

## STATEMENT OF THE CASE

On February 14, 2008, a single count information was filed charging Defendant with possession of images of children engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). On that same day, Defendant tendered a guilty plea before the magistrate judge pursuant to a written plea agreement.

## II

## STATEMENT OF FACTS

The Pre Sentence Report (pages 1-4) sets forth an accurate factual background surrounding the offense conduct. In summary, Defendant was discovered by Immigration and Customs Enforcement agents as a result of a nationwide investigation which targeted purchasers of subscriptions to child pornography websites.

On August 2, 2007, a federal search warrant was executed on Defendant's residence. PSR at 2. During the search warrant, Defendant admitted via telephone (only his wife was home) that he had visited child pornography websites using two different computers in his residence. Id. He further admitted that had been viewing and downloading child pornography for the past five to six years. Id. He described his interest in viewing child pornography as sporadic, and did so when he was drinking. Id.

Forensic analysis revealed that 399 suspected child pornography images were found on three different computers and 16 images depicting actual child pornography were downloaded and found in a file titled "taxes" found in the "My Documents" folder on the hard drive.

## III

## POINTS AND AUTHORITIES

This supplemental sentencing memorandum addresses the psychological evaluation submitted by Defendant. According to the report, Defendant was evaluated by Clark R. Clipson, a licensed psychologist located in San Diego. Dr. Clipson gave Defendant four different psychological tests: (1) Mini-Mental Status Examination (MMSE), (2) the Paulhus Deception Scales (PDS), (3) the Million Clinical Multiaxial Inventory, 3rd Edition (MCMI-III), and (4) the Multiphasic Sex Inventory, 2nd Edition

(MSI-II) and evaluated him via interview. With each standardized test, Dr. Clipson noted his conclusion based upon Defendant's scores, however, he did not provide all the raw data or scores for each test. Below is a brief background and description of each test and its intended purpose.

A. Mini-Mental Status Examination (MMSE)

The MMSE or "Folstein" test is a brief 30-point questionnaire that is used to test cognition, and most commonly used to screen for dementia and other personality disorders. See Folstein, MF, et al., "Mini-mental state", Journal of Psychiatric Research, Vol. 12, No. 3 (Nov. 1975) [article located at http://www.minimental.com/article.html.] The test takes about ten minutes and samples various functions including arithmetic, memory and orientation. For example, one question asks the patient to copy a drawing of two interlocking pentagons. The test was introduced by Dr. Marshal F. Folstein in 1975. Id.

Interpretation of the test provides that any score of 27 (out of 30) is normal, 20-26 indicates mild dementia, 10-19 moderate dementia and below 10, severe dementia. See Crum, RM, et al., "Population-Based Norms for the MMSE by Age and Educational Level", Journal of American Medical Association, Vol. 269(18) (May 12, 1993). No research indicates that this test was designed to test sex offenders or those individuals convicted of sex offenses for recidivism or pedophilia.[1]

Defendant scored a perfect 30 which would indicate, according to the test's inventor, Dr. Folstein, that he has no form of dementia or "cognitive impairment."

B. Paulhus Deception Scales (PDS)

The PDS test was designed to measure the tendency to give socially desirable responses in other tests. The test was invented by Delroy L. Paulhus and takes 5-7 minutes to administer. The Paulhus Deception Scales, also known as Version 7 of the Balanced Inventory of Desirable Responding (BIDR), is a 40-item self-report questionnaire designed to measure the tendency to give socially acceptable or

[1] The American Psychiatric Association in its main diagnostic manual, the DSM-IV TR, section 302.2, defines a pedophile as an adult who "over a period of six months, [has] recurrent, intense sexually arousing fantasies, sexual urges or behaviors involving sexually activity with a prepubescent child or children (generally age 13 or younger)." This diagnosis may be further specified as Exclusive Type (attracted only to children) or Nonexclusive Type (attracted to both children and adults).
.

desirable responses. Paulhus, D.L., The Balanced Inventory of Desirable Reporting, Toronto/Buffalo: Multi-Health Systems Publ. (1998).

The test permits the patient to rate on a scale of 1 to 5 whether they agree, somewhat agree or not agree with a statement. An example of statements would be "I sometimes feel irritated when don't get my own way" or "I never get jealous of others good fortune."

While Dr. Clipson claims Defendant scored below average, he failed to include the actual raw data and put any basis for his reasoning and ultimate conclusion that "he is aware of this problems and his responses are not unduly influenced by what others think of him." Without more information ,it is not possible to evaluate Dr. Clipson's conclusions. As with the previous test, there is no research to indicate that this test was designed to test sex offenders or those individuals convicted of sex offenses for recidivism or pedophilia.

C. Millon Clinical Multiaxial Inventory, 3rd Edition (MCMI-III)

The MCMI-III is designed to provide treatment information in the areas of personality disorders and clinical syndromes. See Buros Institute of Mental Measurements located at http://buros.unl.edu/buros. It is a standardized, self-report questionnaire that takes about 25 minutes to administer. The MMCI-III consists of 28 clinical personality scales, Modifying Indices (Disclosure, Desirability, Debasement, Validity), Clinical Personality Patterns (Schizoid, Avoidant, Depressive, Dependent, Histrionic, Narcissistic, Antisocial, Aggressive (Sadistic), Compulsive, Passive-Aggressive (Negativistic), Self-Defeating), Severe Personality Pathology (Schizotypal, Borderline, Paranoid), Clinical Syndromes (Anxiety, Somatoform, Bipolar: Manic, Dysthymia, Alcohol Dependence, Drug Dependence, Post-Traumatic Stress Disorder), Severe Clinical Syndromes (Thought Disorder, Major Depression, Delusional Disorder). Peer review suggests that this test has "little or no appropriate research base..." *See* Richard I. Lanyon, *Psychological Assessment Procedures in Sex Offending,* 32 PROFESSIONAL PSYCHOLOGY: RESEARCH AND PRACTICE 253, 254 (2001).

As with the previous test, there is no research to indicate that this test was designed to test sex offenders or those individuals convicted of sex offenses for recidivism or pedophilia.

D. Multiphasic Sex Inventory, 2nd Edition (MSI-II)

The Multiphasic Sex Inventory is a self-report questionnaire which consists of statements about sexual activities, problems, and experiences. See Multiphasic Sex Inventory II (Nichols and Molinder, 1984). It has scales which assess the level of openness about the deviant sexual behaviors. Interpretation of the test is only available by sending the answer sheet to the test authors, and no published research could be found on the validity or on any other aspect of the test. *See* Richard I. Lanyon, *Psychological Assessment Procedures in Sex Offending,* 32 PROFESSIONAL PSYCHOLOGY: RESEARCH AND PRACTICE 253, 255 (2001). It is unknown whether the test sheet was actually submitted to the authors or not.

Apparently, the test is intended to be used in assessing sex offenders to develop treatment plans and to be used during treatment to assess progress. However, it is also sometimes used to assess an individual who denies sexual abuse to determine whether the individual actually is an abuser.

However, this test is not intended for this purpose and should not be used when the defendant is denying the offense. The manual accompanying the MSI states, "[I]t is important to remember that the MSI is not appropriate for use in the legal pursuit of guilt or innocence. The alleged offender must acknowledge culpability in order for the inventory to be used." (Nichols and Molinder, 1984, p. 39). It must never be used on an individual who denies being a sex offender or as part of an assessment to determine whether someone who denies an alleged sex offense is likely to have actually done it.

While Defendant has admitted his guilt to possession of child pornography, Dr. Clipson concludes that Defendant's score corresponds closer to a "normative male sample than he does the admitted child molester." While this information is important to assess danger to the community after any custodial portion of his sentence, the test was not designed to predict whether he will purchase, view and/or download child pornography again, the basis of the instant conviction nor is it intended to mitigate his guilt to possession of child pornography.

**B. Sentencing Recommendation**

As set forth in the Government's sentencing memorandum, Defendant was involved in the downloading and viewing of child pornography for approximately **five to six years** by his own admission. Yet, according to Dr. Clipson's report, Defendant claims that he "logged on to an underage sex site. They said I did it one time a year ago and several times a few years ago." Defendant's statement at the time of the search warrant appears more forthcoming than the statement he gave to Dr. Clipson in that the latter statement appears that he is not taking full responsibility for his actions over the course of **five to six years**.

Moreover, the argument that Defendant is not a pedophile, regardless of whether it is true or not, is irrelevant. United States v. Stevens, 197 F.3d 1263, 1270 (9th Cir. 1999)(holding that a downward departure in a possession of child pornography case based upon defendant not committing actual child molestation, a worse crime, impermissible error); United States v. Goff, 501 F.3d at 259; United States v. Grosenheider, 200 F.3d 321, 332-4 (5th Cir. 2000). Defendant is not charged with molestation, so pointing the fact that he has not committed an additional crime is not material to sentencing here. Federal law differentiates between the acts of child molestation and offenses involving child pornography. Both offenses have punishments associated with each type of conduct. Whether or not Defendant has acted out on a child before does not mitigate his conduct for which he has plead guilty: possession of child pornography. Simply put, he should not get a "sentencing discount" because he did not commit another federal felony offense.

While Defendant's conduct is serious, he took full responsibility for his actions when speaking with agents, and pled guilty at the earliest possible time which saved the Court and the Government much time and resources.

Defendant was permitted to appear to be arraigned on an information without having to spend any time in custody. A custodial sentence is required in this case along with an appropriate term of years of supervised release. Based upon all the factors known in this case, and taking into account all of the §3553(a) factors, the Government respectfully recommends that the Defendant be sentenced to 37 months custody, followed by 4 years of supervised release, pay a $20,000.00 fine,

and pay the $100 penalty assessment. This sentence will be sufficient but not greater than necessary to address the Defendant's conduct as well as address all of the §3553(a) factors.

**IV**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court sentence the Defendant to 37 months in custody, the low end of the advisory guidelines, followed by 4 years of supervised release, pay a $20,000.00 fine within 30 days of sentencing, and impose the $100 penalty assessment.

DATED: July 10, 2008.

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

/s/ Alessandra P. Serano

ALESSANDRA P. SERANO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOHN E. GRASBERGER, Defendant. | Case No. 08CR0375-BEN<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Supplemental Sentencing Memorandum, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Gene Iredale, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2008.

s/Alessandra P. Serano
ALESSANDRA P. SERANO